UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Felton Yawn, #237598, | ) | C/A No. 4:11-1671-JFA-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Cecilia Reynolds, Warden KCI, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The Petitioner, Felton Yawn ("Petitioner"), appearing pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] on July 13, 2011. (Doc. # 1.) The Respondent filed a motion for summary judgment along with supporting memorandum and exhibits. (Doc. # 14.) The undersigned issued an order filed August 12, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising the Petitioner of the motion and the possible consequences if he failed to respond adequately. (Doc. #15.) On August 23, 2011, Petitioner filed a motion for extension of time to file a response to the motion for summary judgment. This motion was granted and Petitioner was given until October 5, 2011, to file a response. (Doc. #22). Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. Petitioner filed a response on September 20, 2011.

**STANDARD FOR SUMMARY JUDGMENT**

The federal court is charged with liberally construing the complaints filed by pro se litigants,

---

[1]This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317.  Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial.  Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir.

1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## ARGUMENTS/BACKGROUND

In his petition, Petitioner asserts that while housed at MacDougal Correctional Institution, he was charged with possession of a cell phone on December 21, 2010. Petitioner contends he appeared before the institutional Disciplinary Hearing Officer on January 5, 2011, and was found guilty. Petitioner alleges his inmate disciplinary conviction for possession of a cell phone was the result of due process violations. Respondents argue Petitioner has failed to exhaust his administrative remedies.

Petitioner filed a response to the motion for summary judgment asserting that a "review by the S.C. Court of Appeals would be moot, as no issue is preserved for judicial review." (Response, doc. #24, p.1).

On January 5, 2011, Petitioner was convicted of an inmate disciplinary offense for possession of a cell phone. Petitioner did not forfeit any accrued good time credit as a result of the disciplinary conviction but was sanctioned with the loss of visitation, canteen, and phone privileges, and

disciplinary detention. Petitioner pleaded guilty to an inmate disciplinary offense for possession of contraband at the same disciplinary hearing. (Respondent's Exhibit 1, Disciplinary Report and Hearing Record).

On January 14, 2011, Petitioner filed a Step One inmate grievance challenging his disciplinary conviction. After an investigation, the grievance was denied. On February 11, 2011, Petitioner filed a Step Two inmate grievance which was also denied. (Respondent's exhibit #2, Inmate Grievance MACCI 009-11). On April 28, 2011, Petitioner filed a Notice of Appeal in the South Carolina Administrative Law Court. (Respondent's Exhibit #4, Notice of Appeal). An Administrative Law Judge summarily dismissed the appeal. (Respondent's Exhibit #5, Order of Dismissal). Petitioner did not appeal said decision. Therefore, Respondent asserts the petition should be dismissed for failure to exhaust available state remedies.

Petitioner filed this petition on July 13, 2011, asserting the following grounds for relief, quoted verbatim:

| | |
|---|---|
| Ground One: | The Petitioner has been deprived of his constitutional right to due process under the <u>Wolff</u> criteria as set forth by the U.S. Supreme Court. |
| Ground Two: | The DHO failed to afford the Petitioner due process under to comports of <u>Wolff</u> and Agency Policy. [sic] |
| Ground Three: | SCDC's administrative appeal process further offends the comports of Wolff and te Accordi doctrine. [sic]. |

(Petition).

## ANALYSIS

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas

4

review under Section 2241. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490 91 (1973) (requiring exhaustion in 28 U.S.C. § 2241 matter); Timms v. Johns, 627 F.3d 525 (4th Cir.2010)(holding that a prisoner must exhaust his administrative remedies prior to pursuing habeas corpus relief pursuant to 28 U.S.C. § 2241). Exhaustion allows prison officials to develop a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). In order to exhaust his state remedies attacking the execution of his sentence, Petitioner must follow the procedure set out in Al- Shabazz v. State of South Carolina, 338 S.C. 354, 527 S.E.2d 742, 750 (S.C.2000); see also Slezak v. S.C. Dep't of Corr., 361 S.C. 327, 605 S.E.2d 506, 507 (S.C.2004). Generally, a state prisoner's sentence calculation claim will fall within the category of administrative issues that the South Carolina Supreme Court has identified as properly being raised through the prison grievance process with appeal to the South Carolina Administrative Law Court, rather than through a post-conviction relief ("PCR") application filed in circuit court. See Al-Shabazz, 338 S.C. 354, 527 S.E.2d 742. Pursuant to the South Carolina Administrative Procedures Act ("SCAPA") and the South Carolina Appellate Court Rules, an inmate who is dissatisfied with the decision of the Administrative Law Court may seek judicial review from the South Carolina Court of Appeals, and, ultimately, the South Carolina Supreme Court. S.C.Code Ann. § 1-23-610; Rule 242, SCACR. Therefore, Petitioner must exhaust his administrative remedies available through the SCDC grievance process, and then he must fully exhaust his state court remedies as provided in the SCAPA before he brings his petition for federal habeas review.

Respondent attached a copy of the Inmate Grievance Forms for both Step 1, Step 2, the Notice of Appeal in the South Carolina Administrative Law Court, and the decision by the ALJ

5

summarily dismissing the appeal. Petitioner did not seek judicial review of the ALJ's decision by appealing to the South Carolina Court of Appeals.[2] Based on the foregoing, the court finds that Petitioner did not fully and properly exhaust his state court remedies with regard to his claim that his sentence has been miscalculated by the SCDC. See Coleman, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review). Matthews, 105 F.3d at 911 ("To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court.").  Thus, before Petitioner may proceed with his sentence miscalculation  claim for review in  this Court, he must first exhaust his state administrative remedies available through the SCDC grievance process (Steps 1 and 2), and then he must fully exhaust his state court remedies as provided through the SCAPA.[3]  Therefore, the issues raised in this petition have not been considered and addressed by any administrative or court tribunals of the State of South Carolina.  Because he must give the state the first full opportunity to correct his prison sentence and he has not yet done so, the Petition filed in this case should be dismissed.

## CONCLUSION

Based on the foregoing, it is RECOMMENDED that Respondent's motion for summary

---

[2] Petitioner attached at least four copies of Grievance One forms to his petition. These grievances were returned unprocessed "as a duplicate to issues" raised in his previous Grievance. It was noted that "Per GA-01.12 Inmate Grievance System '...Inmates will only be allowed to submit one grievance per incident or circumstance.'" (Doc. # 1-1).

[3] In the petition, Petitioner states that he filed a Step 1 grievance, a Step 2 grievance, and appealed to the South Carolina Administrative Law Court. Petitioner states in his petition that the "appeal was dismissed by the ALC without argument from [e]ither party..." (Doc. #1, p. 2). Petitioner does not assert that he appealed the decision of the Administrative Law Court.

judgment (docket entry #14) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus be denied, and the petition dismissed without an evidentiary hearing.

                                                  Respectfully submitted,

                                                  s/Thomas E. Rogers, III
                                                  Thomas E. Rogers, III
                                                  United States Magistrate Judge

September 20, 2011
Florence, South Carolina

        **The parties' attention is directed to the important notice on the next page.**