IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Felton Yawn, #237598, | ) | C.A. No.: 4:11-1671-JFA-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Cecilia Reynolds, Warden KCI, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court upon Petitioner Felton Yawn's ("Yawn") objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommends that this court grant respondent's motion for summary judgment.

Petitioner is an inmate currently housed at the Kershaw Correctional Institution in Kershaw, S.C. He filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. While housed at the MacDougal Correctional Institution petitioner was found guilty of possession of a cell phone and given a disciplinary conviction. Petitioner alleges that the conviction resulted from due process violations. The respondent has filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The court advised the petitioner in a *Roseboro* order of the importance of his adequate response to the motion for summary judgment and the petitioner responded with a memorandum in opposition. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). The Magistrate Judge assigned to this action has prepared a Report and Recommendation and suggests that the lawsuit should be dismissed for failure of the petitioner to exhaust his administrative remedies.

Having reviewed the entire record, this court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this order.

**I. Standard of Review**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's R&R within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* The court remains mindful that the petitioner appears before the court *pro se*, and therefore, his pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in a pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must determine whether the evidence presents a sufficient disagreement to

require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). When evaluating a motion under Rule 56, the court must construe all "facts and inferences to be drawn from the facts . . . in the light most favorable to the non-moving party," *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (internal quotations omitted), and summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trs. of Md. Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**II. Discussion**

The magistrate judge recommends that this court grant the Respondent's summary judgment motion because the petitioner has failed to exhaust his administrative remedies. Petitioner was convicted of an inmate disciplinary offense for possessing a cell phone and subsequently sanctioned with the loss of visitation, canteen, and phone privileges, and disciplinary detention. Petitioner did not lose any accrued good time credit as a result of the conviction. Petitioner subsequently filed a Step One grievance contesting the conviction. After that grievance was denied, petitioner filed a Step Two grievance, which was also denied. He then filed a Notice of Appeal in the South Carolina Administrative Law Court ("ALC"). The Administrative Law Judge summarily dismissed that appeal. Petitioner did not appeal the ALC decision.

As the Magistrate Judge notes, while 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts have consistently required prisoners to exhaust their administrative remedies before seeking a Habeas Corpus review under that statute. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973); *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010). South Carolina law mandated that petitioner's initial challenge be made according the prison grievance system, followed by an appeal to the ALC. *See Al-Shabazz v. State*, 527 S.E.2d 742, 750 (S.C. 2000). Petitioner then had the option of appealing the decision of the ALC to the South Carolina Court of Appeals. S.C. Code Ann. § 1-23-610 (2005). Because he did not file such an appeal, the Magistrate concluded that he did not exhaust his state court remedies and that he was precluded from a Habeas review in this court. Accordingly, the Magistrate recommended that the court grant respondent's motion for summary judgment.

The petitioner, after being advised of his right to file objections to the R&R, sought and was granted an extension, and then filed objections. His objections, however, merely contend that he did not exhaust his state remedies by properly appealing the ALC decision because "any appeal would have been 'moot', 'cursory', or 'rubber stamped.'" Pet'r's Objections 3, ECF No. 33. He therefore argues that he would not be given a "fair opportunity" to have his claims heard in the S.C. state courts, and thus, he "technically" met the exhaustion requirement. The court is not persuaded by petitioner's speculation as to how the S.C. courts might rule on his case. Before petitioner may seek review of his claim in this court, he must first exhaust his state remedies and provide the courts of the

4

state of South Carolina with an opportunity to entertain his claim. His objections are hereby overruled.

### III.   Conclusion

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this R&R by specific reference.

The court finds that the plaintiff has failed to properly exhaust his administrative remedies, thus his claims are dismissed without prejudice. The respondent's motion for summary judgment is granted, the Petition for Writ of Habeas Corpus is denied, and the petition is dismissed without an evidentiary hearing.

IT IS SO ORDERED.

November 30, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge